IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARYL ELLSWORTH,

       Petitioner,

v.                                   Civil Action No. 5:05CV42
                                                       (STAMP)

UNITED STATES OF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**AND ORDER DENYING LETTER MOTION**

I.  Procedural History

On March 29, 2005, pro se petitioner Daryl Ellsworth filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. Thereafter, on November 22, 2006, the petitioner filed a letter motion requesting that the Court order that his presentence report be amended to indicate that he has a history of alcohol abuse in order to increase his chances of being placed in the 500 hour drug program.

Petitioner's § 2255 application was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. On July 5, 2007, Magistrate Judge Seibert issued a report recommending that the petitioner's § 2255 application be denied because in his plea agreement the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally

attack his conviction. The report and recommendation did not address petitioner's letter motion. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of this report. The time for objections has now passed and no objections have been filed to date.[1]

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation for clear error.

## III. Discussion

The petitioner contends in his § 2255 petition that his sentence was unfairly calculated because prior misdemeanor charges were used to enhance the sentence in violation of his Fifth and

---

[1] On July 26, 2007, the report and recommendation mailed to the petitioner by the Clerk was returned as undeliverable. In the Notice of General Guidelines for Appearing Pro Se in Federal Court, provided to the petitioner on March 29, 2005, the petitioner was advised that he must keep the Court and opposing counsel advised of his most current address at all times and that failure to do so may result in the action being dismissed without prejudice.

2

Sixth Amendment rights. Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction when he pled guilty to Count Two of an indictment charging him with distribution of crack within 1,000 feet of a public housing facility. Specifically, the petitioner signed a plea agreement on August 20, 2004 which stated that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), where the sentence is based upon a level 25 or less."[2] As noted by the magistrate judge, the petitioner was in fact sentenced at an offense level of 25.

Because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction, the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

Additionally, although the report and recommendation did not address the petitioner's letter motion, this Court has reviewed that motion and finds that it must be denied. The petitioner did not object to the portion of the presentence report detailing his

---

[2]The plea agreement was accepted and filed by this Court on September 16, 2004.

history of substance abuse pursuant to Federal Rule of Criminal Procedure 32 following disclosure of the report. A defendant has an "affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Without such affirmative showing, the Court is "free to adopt the findings of the [presentence report] without more specific inquiry or explanation." Id. (citing United States v. Mueller, 902 F.2d 336, 346 (5th Cir. 1990)). This Court declines to amend the presentence report in this case because the petitioner did not previously object to the substance abuse portion of the presentence report. Additionally, an amendment to the presentence report would not necessarily afford the petitioner the relief that he seeks because determinations regarding eligibility for the 500 hour drug program are solely within the discretion of the Bureau of Prisons.

## V.  Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. Additionally, the petitioner's letter motion is also DENIED. It is further

ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 7, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE